IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENTAL DYNAMICS, LLC, an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-17-1216-M |
| JOLLY DENTAL GROUP, LLC, an Arkansas limited liability company d/b/a JOLLY FAMILY DENTISTRY, and SCOTT D. JOLLY, DDS, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants' Motion to Dismiss for Lack of Personal Jurisdiction, filed January 2, 2018. On January 23, 2018, plaintiff filed its response, and on January 30, 2018, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff is a limited liability company organized and existing under the laws of the State of Oklahoma with its principal place of business in Oklahoma County, Oklahoma. Kellie Haller is the sole member and manager of plaintiff. Defendant Jolly Dental Group, LLC ("JDG") is a limited liability company organized and existing under the laws of the State of Arkansas with its principal place of business in North Little Rock, Arkansas. Defendant Scott D. Jolly, DDS ("Dr. Jolly") is an individual and a resident of the State of Arkansas and is an owner, manager, and/or member of JDG.

Plaintiff is engaged in the business of brokering sales of dental units, 2D and 3D imaging devices and related software between dentists across the United States. On or about May 20, 2017,

plaintiff, by and through Ms. Haller, brokered a contract with JDG, by and through Dr. Jolly, for the sale of a 2014 Planmeca Promax MID Serial # NTP670746 (the "X-Ray Unit"), which Dr. Jolly allegedly represented was in perfect working condition. Based on this representation, plaintiff secured the sale of the X-Ray Unit to Dr. Joiner, a dentist located in Santa Cruz, California, and Dr. Joiner thereafter paid for the X-Ray Unit in full. Dr. Joiner paid plaintiff, and plaintiff paid JDG.

According to the terms of the Bill of Sale, JDG agreed to sell the X-Ray Unit and all related components, including the computer hardware, software, manuals, and X-Ray Unit accessories. In addition, JDG agreed to secure Patterson Dental, a repair and support company for dental technology, to properly disassemble and crate the X-Ray Unit. Plaintiff prepared a Bill of Sale for the X-Ray Unit and emailed Dr. Jolly the Bill of Sale, and Dr. Jolly signed the Bill of Sale and emailed it back to plaintiff's office. In August 2017, Ms. Haller received a call from Dr. Joiner, who discovered the X-Ray Unit was missing hardware and software and was not in perfect working condition.

On November 10, 2017, plaintiff filed the instant action, alleging a breach of contract claim against JDG and an actual/constructive fraud claim against Dr. Jolly. Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss this action without prejudice due to lack of personal jurisdiction.

II.   Discussion

Plaintiff bears the burden of establishing personal jurisdiction. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). However, when a motion to dismiss is decided at the preliminary stage based upon the complaint and affidavits, a plaintiff need only make a prima facie showing of personal jurisdiction. *See id.* at 1070. In determining whether

plaintiff has made a prima facie showing, the Court resolves all factual disputes in favor of plaintiff. *See id.* Additionally, a plaintiff must establish a court's personal jurisdiction with respect to each of the claims alleged. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) ("A plaintiff must establish the court's jurisdiction with respect to *each* claim asserted.") (emphasis in original); 4A Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1069.7 (4th ed. 2015) ("[I]t is important to remember that a plaintiff also must secure personal jurisdiction over a defendant with respect to each claim she asserts.").

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum State. The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (internal quotations and citations omitted).

> A specific jurisdiction analysis involves a two-step inquiry. First [a court] must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Second if the defendant's actions create sufficient minimum contacts, [a court] must then

3

> consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations and citations omitted).[1] "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state." *Id.* at 1076 (internal quotations and citation omitted) (emphasis in original). In the context of a tort claim, the purposeful direction requirement may be met when a defendant engaged in "(a) an intentional action . . . (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state. . . ." *Dudnikov*, 514 F.3d at 1072. Further, whether a defendant has the required minimum contacts must be decided on the particular facts of each case. *See Benton*, 375 F.3d at 1076.

### A. Breach of contract claim

Plaintiff has alleged a breach of contract claim against JDG. It is well-established that a contract between an out-of-state party and a forum state resident cannot, standing alone, establish sufficient minimum contacts with the forum state. *See Benton*, 375 F.3d at 1077. "However, with respect to interstate contractual obligations . . . parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Id.* (internal quotations omitted).

---

[1] In the case at bar, plaintiff does not allege that this Court has general jurisdiction over Defendants but alleges that this Court has specific jurisdiction over Defendants.

Having carefully reviewed the Complaint and the parties' submissions, the Court finds that plaintiff has failed to establish a prima facie case of personal jurisdiction over JDG for its contract claim. Specifically, the Court finds that JDG's contacts with Oklahoma relating to the contract claim are not sufficient to establish the minimum contacts necessary to support the Court's exercise of personal jurisdiction over JDG with respect to this claim. The Court finds that plaintiff has not shown that there was any continuing relationship or obligations between plaintiff and JDG prior to them entering the contract at issue. Additionally, the contract at issue was to be performed in Arkansas.

Accordingly, the Court finds that JDG should be dismissed for lack of personal jurisdiction.

B.     Fraud claim

Plaintiff has alleged an actual/constructive fraud claim against Dr. Jolly. With respect to the fraud claim, plaintiff alleges that Dr. Jolly falsely represented to plaintiff that the X-Ray Unit was in perfect working condition and that Dr. Jolly represented and promised he would properly disassemble and crate the X-Ray Unit and provide the computer hardware and software required to operate the X-Ray Unit and Dr. Jolly had no intention to perform these promises. *See* Complaint at ¶¶ 19-20. These allegations, accepted as true at this stage of the proceedings, are sufficient to show intentional actions by Dr. Jolly. However, having reviewed the Complaint and the parties' submissions, the Court finds plaintiff has failed to show that Dr. Jolly's intentional actions were expressly aimed at Oklahoma with knowledge that the brunt of the injury would be felt in Oklahoma. Plaintiff was the broker in the transaction between Dr. Jolly and Dr. Joiner. Dr. Joiner was the individual who was ultimately purchasing the X-Ray Unit, and the X-Ray Unit was being shipped directly to Dr. Joiner in California. Therefore, any alleged fraud regarding the condition

of the X-Ray Unit and the shipment of the X-Ray Unit and its hardware and software by Dr. Jolly were primarily aimed at California where Dr. Joiner was located.

Accordingly, the Court finds that Dr. Jolly's contacts with Oklahoma relating to the fraud claim are not sufficient to establish the minimum contacts necessary to support the Court's exercise of personal jurisdiction over Dr. Jolly with respect to this claim. The Court, therefore, finds that Dr. Jolly should be dismissed for lack of personal jurisdiction.

III.   Conclusion

For the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss for Lack of Personal Jurisdiction [docket no. 12] and DISMISSES this action for lack of personal jurisdiction.

**IT IS SO ORDERED this 15th day of May, 2018.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE